FILED BY ___ D.C.

05 NOV 10 AM 11:58

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| GWENDOLYN KING, | X X X | |
| Plaintiff, | X X | |
| vs. | X | No. 05-2559-B/P |
| ROBERT BATTISTA, CHAIRMAN NATIONAL LABOR RELATIONS BOARD, | X X X X | |
| Defendant. | X X | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE SERVICE OF PROCESS

Plaintiff Gwendolyn King filed a pro se employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, along with an application to proceed in forma pauperis. Based on the information contained in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall docket the case without prepayment of the filing fee and record the defendant as Robert Battista, Chairman, National Labor Relations Board ("NLRB").[1]

The plaintiff has also filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent employment discrimination plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an

---

[1] King also named Arthur Rosenfeld, General Counsel of the NLRB as a defendant. The only proper defendant, however, to a petition for judicial review of a decision of the Merit Systems Protection Board ("MSPB") is the head of the agency. Accordingly, the Clerk is directed to delete all references to Rosenfeld as a defendant.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 11-14-05



attorney to represent any such person unable to employ counsel."[2] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard.

---

[2] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

2

Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent herself. Furthermore, it does not appear from the affidavit supporting her motion that she will be unable to obtain counsel on her own. The motion is denied, without prejudice to its resubmission at a later time if the plaintiff makes a more adequate showing of the need for counsel and her inability to find a lawyer who will accept her case on a contingent fee basis.

It is ORDERED that the Clerk shall issue process for the defendant Battista and deliver said process to the marshal for service. Service shall be made on the defendant pursuant to Fed. R. Civ. P. 4(i)(1) and (2). All costs of service shall be advanced by the United States.

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if he has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 9th day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02559 was distributed by fax, mail, or direct printing on November 14, 2005 to the parties listed.

---

Gwendolyn H. King
1905 Kilarney Avenue
Memphis, TN 38116

Honorable J. Breen
US DISTRICT COURT