IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GWENDOLYN H. KING,

    Plaintiff,

v.                                                            No. 05-2559

ROBERT BATISTA,
Chairman, NLRB,

    Defendant.
_____

ORDER OF DISMISSAL WITH PREJUDICE
_____

    The Plaintiff, Gwendolyn H. King, who is proceeding pro se, brought this action against the Defendant, Robert Batista, Chairman, National Labor Relations Board ("NLRB"). On November 30, 2006, the Defendant moved for summary judgment. After the deadline passed with no response from the Plaintiff, this Court entered an order on January 31, 2007, directing King to show cause why her claims should not be dismissed for failure to prosecute. (Order to Show Cause at 1). In its order, the Court instructed King to respond within eleven days of the entry thereof, admonishing her that failure to comply with the order could result in dismissal of her claims with prejudice. According to the Court's docket, the Plaintiff failed to respond within the time specified by the Court.

    Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket

1

and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.  The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386 (1962).  District courts are permitted substantial discretion in determining whether dismissal is appropriate.  Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S. Ct. 178 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted:  (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001).  Prior notice to the party that her failure to cooperate may result in dismissal is important to support the sanction.  Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiff has failed to respond to both the Defendant's

motion and the Court's show cause order. Clearly, the necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish works some hardship on the Defendant. In addition, the Plaintiff was cautioned by the Court's order of January 31, 2007, concerning the ramifications of a failure to comply with the show cause order. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter. Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 14th day of February, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE